FEDERAL INSURANCE COMPANY, individually, Pearce Construction Company, Inc., through assignee Federal Insurance Company, Plaintiffs–Appellants,

v.

TRAVELER'S CASUALTY AND SURETY COMPANY, Traveler's Property Casualty Corp., Aetna Casualty & Surety Company, Defendants–Appellees.

No. 01–13734

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Jan. 31, 2002.

Robert M. Girardeau, Huie, Fernambucq & Stewart, Birmingham, AL, for Plaintiffs–Appellants.

Joel E. Dillard, Baxley, Dillard, Dauphin & McKnight, Carol A. Smith, Susan Caroline Haygood, Smith & Ely, LLP, Birmingham, AL, for Defendants–Appellees.

Before BLACK, MARCUS and GODBOLD, Circuit Judges.

PER CURIAM:

This case raises two issues. First, whether a primary insurance carrier owes a duty to an excess carrier in its conduct of the defense of a mutual insured. Second, whether an excess insurer can be equitably subrogated to the rights of an insured against the primary carrier in the conduct of its defense of the mutual insured. Because these issues are questions of state law which appear to control the outcome of this appeal and there are no clear controlling precedents in the decisions of the Alabama Supreme Court, we certify both questions to the Alabama Supreme Court under Rule 18 of the Alabama Rules of Appellate Procedure.

CERTIFICATION FROM THE UNIT-ED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF ALABAMA, PURSUANT TO RULE 18, ALABAMA RULES OF APPEL-LATE PROCEDURE.

## I. Style of the case

The style of the case in which this certification is made is Federal Insurance Company, individually, Pearce Construction Company, Inc., through assignee Federal Insurance Company, Plaintiffs–Appellants, versus Traveler's Casualty and Surety Company, Traveler's Property Casualty Corp, Aetna Casualty & Surety Company, Defendants–Appellees, case No. 01–13734–AA, United States Court of Appeals for the Eleventh Circuit on appeal from the United States District Court for the Northern District of Alabama.

## II. Facts

The facts of this case are undisputed. A construction accident occurred on June 27, 1995. Barry Wayne Gulley, an employee of Kennon Excavating & Construction Company, was killed on that date when a masonry wall fell on him and crushed him to death. Pearce Construction Company had constructed the wall in 1987.

Gulley's personal representative filed a lawsuit against Pearce Construction Company in the Circuit Court of Morgan County, Alabama. Pearce Construction Company had a general comprehensive policy of primary liability insurance with Aetna (now Travelers). This policy afforded Plaintiff $1 million of primary liability coverage. Pearce Construction Company had purchased excess insurance from Plaintiff Federal Insurance Company. The policy limits of the excess coverage were $10 million. The parties engaged in settlement negotiations prior to the jury trial in *Gulley*. The settlement negotiations were unsuccessful. Prior to the jury verdict in *Gulley*, the highest verdict ever returned by a Morgan County jury was $225,000. The *Gulley* case could have been settled for $350,000 but Aetna would not agree to pay that amount.

The case proceeded to trial, and the jury returned a verdict for $4.6 million. The judgment was appealed, but the parties settled the case, with Defendant paying the limits of its primary coverage ($1 million) and Plaintiff paying the balance of $3.6 million.

## III. Questions to be certified

1) Whether a primary insurance carrier owes a duty of good faith in each, or all, of the following duties to an excess carrier in its conduct of the defense of an insured who is insured by both. The relevant duties are: duty of good faith to settle; duty of good faith in deciding whether to settle; duty of good faith to keep excess carrier informed of settlement negotiations and adverse defense developments.

2) Whether an excess insurer can be equitably subrogated to the rights of an insured arising out of any of the foregoing duties against the primary carrier in the conduct of its defense of the mutual insured.

The particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the issues in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are given. *See Washburn v. Rabun*, 755 F.2d 1404 (11th Cir.1985).

The clerk of this court is directed to transmit this certificate, as well as the briefs and record filed with the court, to the Supreme Court of Alabama, and simul-

taneously to transmit copies of the certificate to the attorneys for the parties.